## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GORDON LEROY HALL,**
**# 41280-054,**

**Petitioner,**

    **vs.**

**UNITED STATES OF AMERICA,**
**U.S. ATTORNEY GENERAL,**
**MAUREEN P. BAIRD,**
**and JEFFREY POWERS,**

**Respondents.**               **Case No. 16-cv-00266-DRH**

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

Petitioner Gordon LeRoy Hall, who is currently incarcerated in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), filed a "Petition for Specific Performance" in this District on March 14, 2016. Hall's petition is far from clear. (Doc. 1). He alludes to an extensive criminal history and demands forgiveness of his obligation to pay restitution, fines, court costs, taxes, penalties, interest, and attorney fees in several federal criminal cases. (*Id.*). The case was opened as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The petition does not survive screening and shall be dismissed.

## I.   Background

Hall has an extensive criminal history, which is briefly summarized herein.[1] In 1999, he was convicted of securities fraud, wire fraud, racketeering, and conspiracy to defraud the United States, alongside several notorious mobsters who pleaded guilty to crimes arising from their efforts to manipulate the stock market.   *United States v. Gangi*, No. 97-cr-01215-DC-9 (S.D.N.Y. 1997). The United States District Court for the Southern District of New York sentenced Hall to 87 months in prison, followed by 3 years of supervised release.   *Id.*

Not long after, Hall was also convicted of conspiracy to commit securities fraud, wire fraud, and commercial bribery in the United States District Court for the Southern District of California.   *United States v. Hall*, No. 99-cr-01514-JM-1 (S.D. Ca. 1999).   In 2000, the district court sentenced him to 60 months in prison.[2]   *Id.*   Hall was ordered to pay restitution in the amount of $933,510.86.

In April 2014, Hall was convicted of conspiracy to obstruct justice and wire fraud.   *United States v. Hall*, 13-cr-00170-JMC-1 (D.S.C. 2013).   The United

---

[1] The Court located the information summarized in this section on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov).   *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[2] Two years ran consecutive to and three years ran concurrent with the sentence imposed in his Case No. 97-cr-1215-009.

States District Court for South Carolina sentenced him to 180 months.  In that case, Hall was also ordered to pay restitution in the amount of $172,254.00, as well as a $100.00 assessment.  *Id.*

In addition, Hall was convicted of two violations of 18 U.S.C. § 514(a)(1) and two violations of 18 U.S.C. § 514(a)(2) and 2, after he devised a scheme to submit $93 million in fake money orders to the Internal Revenue Service.  *See United States v. Hall, et al.*, No. 14-cr-00184-NVW-1 (D. Ariz. 2014); *United States v. Hall*, No. 14-cr-00265-JDA-1 (D.S.C. 2014).  He was sentenced to concurrent 96-month terms of imprisonment for each conviction, to run consecutively with his 180-month sentence.  *Id.*

## II.   The Petition

In his Petition for Specific Performance, Hall asks this Court to discharge his obligation to pay "direct or indirect charges, expenses, taxes, fines, restitution, bonds and fees, interest, penalties, and the like" in several of the above-referenced cases, or related matters.  (Doc. 1 at 3).  More specifically, he seeks forgiveness of all outstanding amounts due, return of payments already made, or both.  (*Id.* at 1-8).  Hall asks this Court to close the accounts used to collect these amounts. In his "Notice of Interlocutory Injunction," he also requests a hearing.  (Doc. 4).

## III.   Discussion

Article III of the United States Constitution limits the authority of the federal courts to those claims that present a live case or controversy. *Indiana Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir. 2007) (citation

omitted).  In order to satisfy this requirement, Hall must have standing to bring his claims, the issues presented must be ripe for judicial review, and the case must not be rendered moot at any stage of litigation.  *Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 488-89 (7th Cir. 2004).    Hall seeks specific performance, but his petition presents no live controversy that is ripe for adjudication.    Hall does not dispute the actual imposition of the "charges, expenses, taxes, fines, restitution, bonds and fees, interest, penalties, and the like" in each of his federal criminal cases.  (Doc. 1 at 3).  He also does not challenge the amount.  Hall simply asks this Court to discharge his obligation— for no particular reason.  His request is remedial in nature and depends upon the existence of a justiciable controversy between the parties.  *Rabe v. Wells Fargo Bank, N.A.*, No. 11-cv-787, 2013 WL 5458068, at *13 (E.D. Tex. Sept. 30, 2013) *aff'd*, 616 F. App'x 729 (5th Cir. 2015).    Absent one, he cannot proceed. Having combed through the petition and exhibits, the Court finds none.

To the extent that an actual dispute exists, it arises from Hall's obligation to pay the amounts that were ordered in each of his federal criminal cases. However, Hall should have addressed this matter in each criminal case or in a direct appeal.  He could have also filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  *But see United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (restitution order generally does not present the type of serious error that is cognizable under § 2255).

This challenge is not appropriately raised under § 2241.  A § 2241 petition filed by a federal prisoner is generally limited to challenges to the fact or duration of confinement.  *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Under limited circumstances, federal prisoners may utilize § 2241 to challenge the legality of a conviction or sentence, but only if § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e); *see United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).  Hall has made no such argument in his petition.

The Court pauses briefly to note that § 2241 *is* sometimes used as a means of challenging the collection of restitution payments.  For example, the Seventh Circuit has explained that a federal prisoner "may challenge the payment schedule set by the BOP by raising it in a § 2241 petition in the district of his confinement." *See United States v. Davis*, 612 F. App'x 856 (2015) (citing 28 U.S.C.  § 2241(a), (d); *McGee v. Martinez*, 627 F.3d 933, 936-37 (3d Cir. 2010); *United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002)).  However, Hall does not challenge the BOP's payment schedule in his petition.  He simply asks this Court to discharge his obligations altogether.  Absent a justiciable case or controversy, this Court must dismiss the instant petition.

### IV.   <u>Disposition</u>

**IT IS HEREBY ORDERED** that for the reasons set forth above, the "Petition for Specific Performance" (Doc. 1) is **DISMISSED** without prejudice to any other action, habeas or otherwise, that Hall wishes to file in this District. The Motion/Notice for Interlocutory Injunction (Doc. 4) is **DENIED**.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   April 7, 2016**

Digitally signed by
Judge David R.
Herndon
Date: 2016.04.07
15:12:16 -05'00'

**UNITED STATES DISTRICT JUDGE**